## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### CASE NO. 2:20-CV-00458

PAIR UP, LLC,
a Texas limited liability company,

        Plaintiff,

v.

GECKO DEVELOPMENT CORPORATION,
A Florida corporation,

        Defendant.

_____/

## COMPLAINT – INJUNCTIVE RELIEF SOUGHT

Plaintiff, PAIR UP, LLC ("Plaintiff") sues Defendant GECKO DEVELOPMENT CORPORATION ("Defendant") and states:

## INTRODUCTION

1.  This is an action for emergency injunctive relief stemming from Defendant-franchisor's baseless purported termination of its franchise agreements with Plaintiff-franchisee and unilateral seizure of all systems and processes necessary to run Plaintiff's business.  Defendant's wrongful attempt to abscond with the business Plaintiff spent fifteen years building is entirely without justification and is, upon information and belief, motivated exclusively by two factors—vindictiveness and greed.  Plaintiff declined Defendant's advances to buy into a new franchised business Defendant recently launched, and instead Plaintiff, along with three partners, decided to launch his own recruiting firm—one that that does not compete with Defendant's business.  In retaliation for Plaintiff's decision not to buy into Defendant's new venture, Defendant manufactured pretextual allegations that Plaintiff breached its obligations under its franchise

agreements, purported to terminate those agreements, and, upon information and belief, intends to quickly resell Plaintiff's franchises at a massive profit, without a cent to Plaintiff.  Defendant's wrongful actions have and will continue to cause Defendant irreparable harm, including incalculable diminution in the value of the franchises to Plaintiff and substantial harm to Plaintiff's reputation.

2.   By this action,  Plaintiff seeks a declaration that Plaintiff has not breached its obligations under the franchise agreements, that Defendant's purported termination of the franchise agreements was invalid and ineffective, that Defendant had no valid basis under the franchise agreements or otherwise to cut off Plaintiff's access to the email or related services necessary to operate its business, and that Plaintiff is entitled to continue operating its franchises pursuant to the terms of the franchise agreements. Additionally, Plaintiff seeks immediate injunctive relief restoring the status quo until a trial on the merits of this matter, including requiring Defendant to rescind its purported termination of the franchise agreements and restore Plaintiff's access to the email and related services, preventing  Defendant from seeking to resell Plaintiff's franchises to any third party, and preventing Defendant from otherwise interfering with Plaintiff's operation of its franchises during the pendency of this case.

**JURISDICTION AND VENUE**

3.   This is an action for (i) breach of contract, (ii) declaratory judgment pursuant to § 86.001 et seq., Fla. Stat. (2019), (iii) declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq.,  and (iv) issuance of a preliminary injunction and/or temporary restraining order pursuant to Fed. R. Civ. P. 65.

4.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties to this action are diverse and the amount in controversy exceeds $75,000.00.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (a) Defendants operate the business that is the subject of this action in this District, (b) the events giving rise to this action occurred, in part, in this District, (c) Defendants reside in this District, and (d) the parties' agreement specifies that venue shall be in this District.

## THE PARTIES

6.  Plaintiff, PAIR UP, LLC ("Plaintiff") is a Texas limited liability company having its principal place of business in Frisco, Texas. All of the members of the Plaintiff limited liability company are Texas residents.

7.  Defendant, GECKO DEVELOPMENT CORPORATION ("Defendant") is a Florida corporation headquartered in Ft. Myers, Florida.

## FACTUAL ALLEGATIONS

8.  Defendant is a franchisor in the restaurant recruitment industry and sells franchises to independently owned and operated businesses around the country, each of which specializes in the recruitment of personnel in the restaurant industry.

9.  Plaintiff has owned and operated its business as a franchisee of Defendant since October 2005.

10. On October 15, 2015, Plaintiff renewed its Franchise Agreement (the "Agreement"; Exhibit 1) with Defendant.

11. The Agreement entered into as of October 15, 2015 is the operative agreement between the parties.

12. Plaintiff and Defendant are also parties to a substantively-identical franchise agreement covering different territory. (The Agreement and the additional, substantively-identical

agreements identified herein are referred to in the singular as the "Agreement" throughout this Complaint.)

13. Pursuant to the Agreement, Defendant granted Plaintiff a franchise "to establish and operate…one 'GECKO HOSPITALITY' franchised business…." Agreement at p. 6.

14. The Agreement's term was eight (8) years. Agreement at p. 8.

15. Pursuant to the Agreement, Plaintiff was to furnish certain payments to Defendant in exchange for the use of Defendant's network and resources in placing employees with employers within the restaurant industry.

16. Plaintiff was an exemplary franchisee, having never received any notices of breach or default during his 15 years as a franchisee.

17. On June 23, 2020, Plaintiff received correspondence from Defendant's counsel, purporting to terminate the Agreement. See Exhibit 2, Correspondence from Cummings Franchise Law, P.C. dated 6/22/20 (the "Termination Letter").

18. The Termination Letter alleges that the actions of Plaintiff's principal, Barry Mills ("Mills"), placed Plaintiff in breach of the Agreement.

19. Specifically, the Termination Letter alleges that Mills breached the Agreement by "becoming an additional owner/member of i4, along with two other GDC franchisee owners….According to i4's website, it performs recruiting services for the health care, dental, and energy industries…i4 also is using the assumed name of Cannabis Search Solutions to provide placements for the cannabis industry." Termination Letter at p. 2.

20. The Termination Letter alleges that Mills' actions "are all material breaches of the Pair-Up Franchise Agreements which cannot be cured" and purports to terminate the Agreement effective Friday, June 26, 2020. Termination Letter at p. 6.

21. The Termination Letter further informed Plaintiff that notwithstanding the fact that the purported termination was not to be effective until June 26, 2020, Defendant was "suspending the services GDC provides to Pair-Up effective immediately based upon Pair-Up's defaults." *Id.*

22. Effective June 22, 2020, Plaintiff's access to all electronic services provided through or in conjunction with Defendant – including but not limited to Plaintiff's e-mail account – were disabled.

23. The Agreement requires the parties to resolve their disputes through arbitration, but contains a specific carve-out allowing the parties to seek injunctive or other remedies in a court of competent jurisdiction. See Agreement at p. 49 ("Any party to this Agreement may bring an action…in a court of competent jurisdiction…and, further, may seek provision or ancillary remedies including temporary or injunctive relief in connection with such dispute or controversy….provided that the dispute or controversy is ultimately resolved through binding Arbitration.").

24. Plaintiff is filing, concurrent with the filing of this Complaint, a Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 65.

## COUNT I – BREACH OF CONTRACT

25. Plaintiff refers to and incorporates paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The Agreement is a contract between Plaintiff and Defendant.

27. Plaintiff, at all times, met all of its obligations under the Agreement.

28. Defendant's purported unilateral termination of the Agreement as explained in the Termination Letter is a breach of the Agreement's terms.

29. Plaintiff will suffer irreparable harm as a result of Defendant's breach of contract.

## COUNT II – DECLARATORY JUDGMENT

30. Plaintiff refers to and incorporates paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The Agreement allows Defendant to terminate the Agreement in the event Plaintiff takes certain, enumerated actions. See Agreement at §22(e), pp. 33-34.

32. The Termination Letter alleges that Defendants violated §§22(e)(vi), (ix), and (xv) of the Agreement. See Termination Letter at pp. 4-6.

33. Section 22(e)(vi) allows Defendant to terminate the Agreement if Plaintiff "made a material misrepresentation to GDC in connection with obtaining this Agreement, or in conducting the business franchised and licensed hereunder."

34. Section 22(e)(ix) allows Defendant to terminate the Agreement if Plaintiff "Engages in any activity that has a material adverse effect on GDC and/or the Marks and/or engages in any other business within Franchisee's Area of Rights…"

35. Section 22(e)(xv) allows Defendant to terminate the Agreement if Plaintiff "engages in any act(s) that is so dishonest, untrustworthy, self-dealing, and/or fraudulent, that it does to the essence of the Franchise Agreement and/or frustrates one of the principal purposes of the Franchise Agreement and/or irreparably damages the trust between GDC and Franchisee."

36. Plaintiff denies that it violated §22(e)(vi), (ix) and/or (xv) of the Agreement.

37. Plaintiff further denies that it violated any provision of §22(c) or (d) of the Agreement so as to permit Defendant to "suspend the services GDC provides to Franchisee…." See Agreement at §22(h), p. 35.

38. An actual controversy therefore exists whether, under applicable Florida law, Defendant's actions in (i) purporting to terminate the Agreement and (ii) immediately suspending all services to Plaintiff are permitted by the Agreement.

39. This Court is authorized, pursuant to 28 U.S.C. §2201 and § 86.001 et seq., Fla. Stat. (2019), to adjudicate and decide the parties' respective rights and obligations under the Agreement.

40. Specifically, this Court is authorized to determine whether Defendant is within its rights to (i) terminate the Agreement and (ii) suspend without warning all services provided to and utilized by Plaintiff.

## COUNT III – INJUNCTIVE RELIEF

41. Plaintiff refers to and incorporates paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Plaintiff has a clear, legal right under the Agreement to the continued right to operate its franchised business unless Plaintiff breaches the Agreement in one of the specific, enumerated manners specified in the Agreement.

43. Plaintiff not breach the Agreement in any respect, including but not limited to any of the specified breaches pursuant to which Defendant may terminate the Agreement.

44. Defendant's actions in (i) purporting to unilaterally terminate the Agreement and (ii) suspending all services prior to the date of the purported termination constitute breaches of the Agreement.

45. Defendant's actions are, upon information and belief, driven by Defendant's motivation to re-sell Plaintiff's franchises to third-parties.

46. Plaintiff has been negotiating with a potential purchaser of his franchises for months, and Defendant's actions could irretrievably damage that contemplated transaction.

47. Plaintiff will suffer immediate and irreparable harm in the event Defendant's unwarranted purported termination of the Agreement is not enjoined.

48. Plaintiff stands to lose significant goodwill with existing and potential future clients based on Plaintiff's inability to communicate with existing clients with whom potential placements are currently in progress, as a result of Defendant unilaterally shutting off Plaintiff's access to all systems and services, including but not limited to e-mail.

49. Issuance of an injunction preserving the *status quo ante litem* will not harm Defendant but will prevent the ongoing irreparable harm to Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby requests the following relief:

A.  Judgment in Plaintiff's favor that Defendant breached the terms of the Agreement;

B.  A declaratory judgment declaring that Defendant is not authorized or permitted pursuant to the terms of the Agreement to terminate the Agreement based on the conduct alleged in the Termination Letter;

C.  A declaratory judgment declaring the Defendant is not authorized or permitted pursuant to the terms of the Agreement to suspend services, including but not limited to e-mail, to Plaintiff based on the conduct alleged in the Termination Letter;

D.  Issuance of a preliminary injunction (pursuant to Plaintiff's motion, which will be filed contemporaneously with this Complaint) ordering Defendant to immediately restore all suspended services to Plaintiff, including but not limited to e-mail, and further ordering Defendant to cease all efforts to re-sell Plaintiff's franchises; and

D.  Such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 26th day of June, 2020.

**DICKINSON WRIGHT PLLC**
350 East Las Olas Blvd., Suite 1750
Fort Lauderdale, FL 33301
Tel.:  (954) 991-5420
Fax:  (844) 670-6009

*Vijay G. Brijbasi*
Alan J. Perlman, Esq.
Florida Bar No. 826006
aperlman@dickinsonwright.com
Vijay G. Brijbasi, Esq.
Florida Bar No. 15037
vbrijbasi@dickinsonwright.com

and

Adam D. Grant, Esq.
**DICKINSON WRIGHT PLLC**
500 Woodward Ave., Suite 4000
Detroit, MI 48226
(313) 223-3500
Michigan Bar # P68651
agrant@dickinson-wright.com
*Pro Hac Vice to be filed*
