UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAIR UP, LLC, a Texas limited liability company

        Plaintiff,

v.                                                                                                Case No.:   2:20-cv-458-FtM-38NPM

GECKO DEVELOPMENT CORPORATION,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Pair Up, LLC's Emergency Ex Parte Motion for Temporary Restraining Order and/or Preliminary Injunction.  (Doc. 2).

This is a breach-of-contract case.  Defendant Gecko Development Corporation is a franchisor in the restaurant recruitment industry, and Plaintiff is one of its franchisees. Earlier this year, Plaintiff's principal formed a new recruitment business called i4 Search Group, LLC with three other Gecko franchise owners.  When Gecko learned of i4, it terminated the franchise agreements with the i4 founders and cut off their access to Gecko's services.  Plaintiff and the other i4 founders have sued Gecko for breach of contract in separate suits before this Court, and they each ask the Court to enjoin Gecko from selling the franchised businesses or territories, terminating the franchise agreements, and suspending its services.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

"The grant of a preliminary injunction in advance of trial is an extraordinary remedy." *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (internal quotations and citation omitted). In addition to the usual requirements for injunctive relief, a district court may issue an *ex parte* temporary restraining order

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). These requirements acknowledge "that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 432 n.7 (1974). The Supreme Court has further recognized "a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Carroll v. President and Com'rs of Princess Anne*, 393 U.S. 175, 180 (1968).

Plaintiff has not met Rule 65(b)'s requirement that its attorney "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." And considering the parties' longstanding relationship, Plaintiff should have no difficulty serving Gecko and giving it an opportunity to participate in this case. What is more, the motion does not comply with Local Rule 4.05(b)(3)'s requirements that it address any necessary security for the injunction and be accompanied by a proposed temporary restraining order. The Court will thus deny Plaintiff's motion for a temporary restraining

order and will schedule a telephonic status conference to discuss a preliminary injunction hearing in this and the three related cases.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2) is **DENIED** to the extent it requests a temporary restraining order. The Court reserves ruling on any request for preliminary injunction.

(2) Plaintiff must **SERVE** copies of the Complaint, the Motion for Temporary Restraining Order and/or Preliminary Injunction, and this Order on Defendant on or before **July 7, 2020**.

(3) The Clerk is **DIRECTED** to set a telephonic status conference on **July 14, 2020** at **1:30 p.m.** for all parties who have appeared to attend.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of June 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record